## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

**v.**

**JACOB ANTHONY CHANSLEY**,

*Defendant.*

**Case No. 1:21-cr-3-RCL**

## <u>MEMORANDUM AND ORDER</u>

Defendant Jacob Anthony Chansley stormed the Capitol on January 6, 2021.  In that respect, he was like thousands of others that day.  But he stood out to the entire world because of his "unmistakable outfit" of "a horned coyote-tail headdress; red, white, and blue face paint; gloves; and no shirt."  *United States v. Chansley*, 525 F. Supp. 3d 151, 155 (D.D.C. 2021).  In addition, he had armed himself with a serious weapon: "a six-foot pole with an American flag zip-tied to the shaft and a metal spearhead fixed to the top."  *Id.*

Mr. Chansley has completed his prison sentence and much of his term of supervised release.  Now, he has moved for the return of his property seized and still held by the government, including his spear and helmet.  Since the government has not established that it still needs these items as evidence and has not sought their forfeiture, the Court will **GRANT** Mr. Chansley's motion.

### I.   BACKGROUND

In September, 2021 Mr. Chansley pleaded guilty to one count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), in exchange for the government's dismissal of the five other charges then-pending against him.  *See* Min. Entry (Sept. 3, 2021).  At sentencing,

Mr. Chansley unequivocally accepted responsibility for his actions and expressed remorse.[1]  The Court "heavily credited" this apparent remorse and acceptance of responsibility.  *United States v. Chansley*, No. 1:21-cr-3 (RCL), 2023 WL 4637312, at *5 (D.D.C. July 20, 2023).  Accordingly, it sentenced him to 41 months' incarceration, the bottom of the Guidelines range, with credit for time served. *See* J., ECF No. 92, at 2. The Court also sentenced Mr. Chansley to three years of supervised release, a $100 special assessment, and $2,000 in restitution.  *See* J. at 3, 6.

Although Mr. Chansley appealed his conviction, ECF No. 108, the D.C. Circuit later dismissed the appeal pursuant to his own motion, ECF No. 112.  In April 2023, Mr. Chansley moved under 28 U.S.C. § 2255 to vacate his sentence on the basis of newly discovered evidence and ineffective assistance of his plea counsel.  ECF No. 117.  The Court denied his motion as unmeritorious.  *See Chansley*, 2023 WL 4637312, at *16.  In evaluating that motion, the Court noted its disappointment that "Mr. Chansley has recanted the contrition displayed at his sentencing."  *Id.* at *16.

In June 2024, the Supreme Court decided *Fischer v. United States*.  144 S. Ct. 2176 (2024). *Fischer* held that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so."  *Id.* at 2190.

---

[1] *See, e.g.*, Sent'g Hr'g at 32:23–33:4 ("So I had to come to terms with the fact that I was in solitary confinement because of me, because of my decision. I broke the law, and if I believe in freedom, if I believe in law and order, if I believe in responsibility and accountability, then that means that I should do what Gandhi would do and take responsibility even and especially when it incriminates me. No ifs, ands, or buts about it. That's what men of honor do."), ECF No. 111; *id.* at 34:25–35:5 ("I am truly, truly repentant for my actions, because repentance is not just saying you're sorry. Repentance is apologizing and then moving in the exact opposite direction of the sin that you committed. And that's what I've been trying to do ever since I realized the magnitude of my error and the magnitude of my mistake."); *id.* at 35:16–18 ("[I]n retrospect, I would do everything differently on January 6. In all honesty, I would do everything differently.").

In doing so, the Supreme Court reversed a ruling from the D.C. Circuit that had accorded that provision a broader reading.[2]

Now, Mr. Chansley has moved under Federal Rule of Criminal Procedure 41(g) for the return of his property seized pursuant to a search warrant in connection with this case. Def.'s Mot., ECF No. 130. The government filed an opposition, Gov. Opp'n, ECF No. 139, and Mr. Chansley filed a reply, Def.'s Reply, ECF No. 140. This motion is now ripe. According to the government, the property includes a spear and a helmet sported by Mr. Chansley on January 6th. Opp'n ¶ 15. The government has not sought forfeiture of any of these items. *Id.* ¶ 14. It argues that it would like to retain the evidence until it is assured of the finality of this case. *Id.* ¶ 15. It does not contest, and thereby concedes, Mr. Chansley's argument that venue is proper. *See* Def.'s Mot. 4–5.

## II.   LEGAL STANDARD

Rule 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). This motion is available even if the property was seized lawfully. *In re Sealed Case*, 716 F.3d 603, 606 n.2 (D.C. Cir. 2013). In determining how to evaluate such a motion, the D.C. Circuit has looked to the 1989 Advisory Committee Notes to this provision:

> No standard is set forth . . . to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property . . . . If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.

---

[2] However, the Supreme Court noted that whether Fischer's § 1512(c)(2) conviction will stand remains an open question. *See Fischer*, 144 S. Ct. at 2190; *accord id.* at 2194 (Jackson, J., concurring); *see also United States v. Brock*, 94 F.4th 39, 47 n.4 (D.C. Cir. 2024).

*United States v. Rayburn House Off. Bldg., Room 2113, Washington, D.C. 20515*, 497 F.3d 654, 663 (D.C. Cir. 2007) (quoting Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendments).

The Circuit has also explained that after trial "courts may rightfully refuse to return claimed property when it falls into one of three categories: (1) the property involved is contraband; (2) the property involved is [subject to] forfeit[ure] pursuant to statute; or (3) the property involved is subject to government retention pending termination of the trial." *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979); *see also United States v. Brown*, 185 F. Supp. 3d 79, 82 (D.D.C. 2016) ("The D.C. Circuit has instructed that 'the district court has both the jurisdiction and the duty" to ensure the return "to the defendant [of] property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence.'" (quoting *United States v. Wilson*, 540 F.2d 1100, 1101 (D.C. Cir. 1976)). Still, "[t]he general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Farrell*, 606 F.2d at 1343 (quoting *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977)); *see also United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980) (observing "that the party from whom materials are seized in the course of a criminal investigation retains a protectible property interest in the seized materials"). Indeed, "it is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner." *Wilson*, 540 F.2d at 1103.

## III.   DISCUSSION

Pursuant to Rule 41(g), the Court concludes that the government must return Mr. Chansley's property.

The government has failed to establish that it still needs Mr. Chansley's property as evidence. It asserts that it "should and must retain actual evidence of a crime where, as here, the defendant pled guilty to a crime that he may contest given the decision in *Fischer*." Opp'n ¶ 15; *see also id.* (noting the government's wish is "to continue to hold the property as evidence until" "finality in the appellate process"). But it is not clear how Mr. Chansley could contest his conviction, as he has been sentenced, abandoned his direct appeal, and seen his § 2255 motion denied. But even if the government may need to reprove Mr. Chansley's guilt, the government has not explained why it would need his property. Chansley "was the face of the riot at the United States Capitol on January 6, 2021." *Chansley*, 2023 WL 4637312, at *1. Images of him at the Capitol on that day abound. *Chansley*, 525 F. Supp. 3d at 155 ("His actions that day were extensively photographed and recorded."). As there is voluminous video and photo evidence of Mr. Chansley's conduct, his property is of little utility for an investigation or prosecution and "the United States' legitimate interests can be satisfied even if the property is returned." *Rayburn House Off. Bldg.*, 497 F.3d at 663 (quoting Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendments).[3] The Court therefore finds that the retention of Mr. Chansley's property would be unreasonable.

The government's fallback position is to sidestep the Rule 41(g) inquiry altogether by suggesting it may *eventually* seek civil forfeiture. Although Mr. Chansley was arrested three-and-a-half years ago, Min. Entry (Jan. 9, 2021), the government has never sought forfeiture of the property involved in the Capitol siege. Opp'n ¶ 14. Nonetheless, the government states that if Mr.

---

[3] Of course, the prosecution has an "interest" in using "the evidence of its choice," such as a weapon used to commit an offense. *Cf. Old Chief v. United States*, 519 U.S. 172, 188 (1997). The government may well have been able to articulate a compelling reason to retain Mr. Chansley's property. But when the government has vast amounts of other evidence, it cannot defeat a Rule 41(g) motion simply by asserting its desire to retain the evidence without giving any reasons.

Chansley "assures the Court that there will be no further challenges to his criminal conviction," then it would like another thirty days to decide whether to seek civil forfeiture. *Id.* ¶ 16.  Had the government simply sought civil forfeiture by now, Mr. Chansley's motion may have turned out differently.  But the Court sees no reason to delay or deny Mr. Chansley relief based on the government's hypothetical future choice to take a step it could have already taken.

The Court will therefore grant Mr. Chansley's motion.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion for Return of Property is **GRANTED**; and it is further

**ORDERED** that the government shall return to Mr. Chansley all property belonging to him, seized by the government pursuant to a search warrant issued in connection with his arrest and prosecution in this case, and currently in the possession of the government.

**IT IS SO ORDERED.**

Date: _____8/5/24_____

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge